IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA Q. NATIVIDAD, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>　　　　Defendants. | Case No.: C12-3646 JSC<br><br>**ORDER REFERRING CASE TO ADR UNIT FOR ASSESSMENT TELEPHONE CONFERENCE** |

Pursuant to Civil Local Rule 16-8 and ADR Local Rule 2-3, the Court refers this foreclosure-related action to the Alternative Dispute Resolution (ADR) Unit for a telephone conference to assess this case's suitability for mediation or a settlement conference. Counsel for Plaintiffs and each of the Defendants shall participate in the telephone conference, to be scheduled by the ADR Unit, as soon as possible but not later than **October 11, 2012.**

Counsel shall be prepared to discuss the following:

(1) Identification and description of claims and alleged defects in loan origination and foreclosure procedures.

(2) Prospects for further loan modification.

(3) Prospects for settlement.

   (4) Identification of those Defendants who should attend any settlement conference in light of the allegations as to the current ownership of Plaintiffs' loan.

The Parties need not submit written materials to the ADR Unit for the telephone conference.

In preparation for the telephone conference, counsel for Plaintiffs shall do the following:

(1) Review the loan documents and investigate the claims to determine whether they have merit.

(2) If Plaintiffs are seeking a loan modification to resolve all or some of the claims, Plaintiffs shall prepare a current, accurate financial statement and gather all of the information and documents customarily needed to support a loan modification request. Further, Plaintiffs shall immediately notify the appropriate Defendants' counsel of the request for a loan modification.

(3) Provide counsel for Defendants with information necessary to evaluate the prospects for loan modification, in the form of a financial statement, worksheet or application customarily used by financial institutions.

In preparation for the telephone conference, counsel for Defendants shall do the following:

(1) If Defendants are unwilling or unable to do a loan modification after receiving notice of Plaintiffs' request, counsel for Defendants shall promptly notify Plaintiffs to that effect.

(2) Arrange for a representative of each Defendant with full settlement authority to participate in the telephone conference.

The ADR unit will notify parties of the date and time the telephone conference will be held. After the telephone conference, the ADR Unit will advise the Court of its recommendation for further ADR proceedings. In the meantime, the October 4, 2012 hearing on Defendants' motions to dismiss and to strike claims is VACATED. The Court will reschedule the hearing after the ADR assessment and/or ADR proceedings are complete, if necessary.

**IT IS SO ORDERED.**

Dated: September 26, 2012

                                                _Jacqueline S. Corley_
                                                JACQUELINE SCOTT CORLEY
                                                UNITED STATES MAGISTRATE JUDGE