IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA Q. NATIVIDAD, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>　　　　　Defendants. | Case No.: 3:12-cv-03646 JSC<br><br>**ORDER GRANTING DEFENDANT FIRST AMERICAN'S MOTION TO DISMISS WITH PREJUDICE (Dkt. No. 122)** |

　　　　Plaintiffs Gloria and Felicisimo Natividad ("Plaintiffs") bring this mortgage-foreclosure action against Defendants Wells Fargo Bank, N.A. ("Wells Fargo"), First American LoanStar Services, LLC doing business as First American Trustee Servicing Solutions, LLC ("First American"), Newbury Place REO III, LLC ("Newbury"), BSI Financial Services ("BSI"), and Patrick Lyman and Associates, LLC ("Lyman & Associates"). Now pending before the Court is First American's motion to dismiss Plaintiffs' Third Amended Complaint ("TAC").[1] (Dkt. No.

---

[1] Wells Fargo and Lyman & Associates also filed motions to dismiss; however, both defendants subsequently filed a notice of settlement. (Dkt. Nos. 139, 144.) The Court accordingly vacated all dates related to those motions, pending a notice of dismissal.

122.)  Having carefully reviewed the parties' submissions, and having had the benefit of oral argument on August 22, 2013, the Court GRANTS First American's motion.

## BACKGROUND

The relevant facts in this case were previously laid out in this Court's prior Order granting Defendants' motions to dismiss.  (Dkt. No. 119); *Natividad v. Wells Fargo Bank, N.A.*, 2013 WL 2299601 (N.D. Cal. May 24, 2013).  Further, Plaintiffs' TAC does not allege any new facts that are relevant to the Court's disposition of First American's motion to dismiss.

Plaintiffs' TAC alleges three causes of action against First American: 1) violation of the FDCPA; 2) wrongful foreclosure; and 3) declaratory relief.  First American moves to dismiss all three claims with prejudice.  Although Plaintiffs filed an opposition to the motion, Plaintiffs failed to appear at the hearing on the motion.

## LEGAL STANDARD

A Rule 12(b)(6) motion challenges the sufficiency of a complaint as failing to allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A facial plausibility standard is not a "probability requirement" but mandates "more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted).  For purposes of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party."  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  "[D]ismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008) (internal quotations and citations omitted); *see also Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law.").

Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), under which a party is only required to make "a short and plain statement of the claim showing that the pleader is entitled to relief," a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Iqbal*, 556 U.S. at 678 (quoting

*Twombly*, 550 U.S. at 555.) "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively"), *cert. denied*, 132 S. Ct. 2101 (2012). The court must be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663-64.

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and citations omitted).

## DISCUSSION

### A.   First Claim: FDCPA

Plaintiffs' amended FDCPA claim against First American seeks to hold First American liable under Sections 1692e and 1692f for its conduct in sending Plaintiffs a notice of default. The Court previously dismissed this same claim because "the notice of default is simply a communication required by law to enforce the security interest, and [thus] First American's challenged actions did not go beyond enforcing security interests." (Dkt. No. 119 at 14.) Enforcement of security interests alone, the Court explained, is not an action that imposes liability under the FDCPA, except for purposes of 15 U.S.C. 1692f(6). (*See id.* at 8-15.) Thus, Plaintiffs' argument that First American is liable under 15 U.S.C. 1692e is rejected.

Regarding Section 1692f(6), although Plaintiffs' claim invokes that provision, Plaintiffs allegations do not plead a violation of the Act. Section 1692f(6) forbids "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if-- (A) there is no present right to possession of the property claimed as collateral through an enforceable security

3

interest; (B) there is no present intention to take possession of the property; or (C) the property is exempt by law from such dispossession or disablement." Plaintiffs do not allege that First American's actions fall under any of the prohibitions just listed. Rather, Plaintiffs allege that, in the notice of default, "[t]he amount of the debt was overstated by the excessive charges, including late charge and interest on the same delinquent payment. Also the status of the debt was misrepresented. In particular, the true status was that the debt was being considered for loan modification, and was therefore not presently subject to a notice of default." (Dkt. No. 120 ¶ 20.) Plaintiffs also argue that First American "*improperly communicated* an intention to effect a 'dispossession.'" (Dkt. No. 131 at 9-10) (emphasis added).) These allegations and arguments do not speak to whether there is a present right or intention to possession of the property, or whether the property is exempt by law from such dispossession or disablement. *See* 15 U.S.C. § 1692f(6).

Further, Plaintiffs make the unfounded argument that First American, as trustee, had a duty to "independently verify" that the lender would no longer consider a loan modification and that the amount of default was correct. Not only are these supposed duties outside the scope of Section 1692f(6), Plaintiffs cite no cases, and the Court finds none, that recognize such duties in any context.

First American's motion to dismiss Plaintiffs' FDCPA claim is accordingly GRANTED.

**B.  Second Claim: Wrongful Foreclosure**

Plaintiffs' claim for wrongful foreclosure again fails for several reasons. First, Plaintiffs' allegations and arguments do not address First American's litigation privilege, as recognized by this Court in its previous Order. (Dkt. No. 119 at 20-21.) Second, Plaintiffs' arguments on the merits of the claim simply rehash those made—and rejected—in opposition to the previous motions to dismiss. Specifically, the Substitution of Trustee is not improper because it was not signed by the lender, Wells Fargo; rather, Wells Fargo's attorney in fact may sign the Substitution in its place. (*See id*. at 23 ("[The signature block] complies with [California Civil Code] Section 1095 and appears to satisfy the requirements of paragraph 24 [of the deed of trust].").)[2] Even if the

---

[2] As this Court previously concluded, the Court may take judicial notice of the Substitution of the Trustee form. (Dkt. No. 119 at 2 n.1); *see also Sohal v. Fed. Home Loan Mortg. Corp.*, 2011 WL 3842195, at *3 (N.D. Cal. Aug. 30, 2011) ("The Court shall take judicial notice of the existence of the documents and the date on which they were recorded. However, for purposes of this motion, it shall not assume the truth of the facts therein.").

4

1 Substitution was improper, because Plaintiffs allege no prejudice as a result of the violation, the
2 claim would still fail. *See Aguiar v. Wells Fargo Bank, N.A.*, 2012 WL 5915124, at *5 (N.D. Cal.
3 Nov. 26, 2012). Finally, Plaintiffs' continued assertion that First American filed a defective proof of
4 service is rejected for the reasons stated in the Court's previous Order. (Dkt. No. 119 at 24 ("Given
5 the 16 months between recordation of the Substitution and the Notice of Default, First American was
6 not obligated to mail copies of the substitution under Sections 2934a(b) or (c).").)

First American's motion to dismiss Plaintiffs' wrongful foreclosure claim is accordingly GRANTED.

### C. Third Claim: Declaratory Relief

Because Plaintiffs fail to state a claim against First American, they are not entitled to any of their requested relief. First American's motion to dismiss Plaintiffs' declaratory relief claim is accordingly GRANTED.

## CONCLUSION

The Ninth Circuit has interpreted Rule 15(b) to require a district court to "grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). However, "leave to amend may be denied if it appears to be futile or legally insufficient." *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986). "It is not an abuse of discretion to deny leave to amend when any proposed amendment would be futile." *Klamath–Lake Pharmaceutical Ass'n v. Klamath Medical Serv. Bureau*, 701 F.2d 1276, 1292–93 (9th Cir.); *see also Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990). Additionally, courts may dismiss with prejudice when plaintiffs have failed to plead with the requisite particularity after "repeated opportunities." *See Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993) (affirming dismissal of plaintiff's fifth amended complaint with prejudice); *Wright v. Grannis*, 2011 WL 7478282, at *4 (S.D. Cal. Sept. 14, 2011) ("[D]ismissal with prejudice is appropriate where a plaintiff has repeatedly failed to cure deficiencies in his pleading."). The Ninth Circuit has affirmed a district court's decision to dismiss with prejudice when "[d]espite repeated opportunities given them by the

district court, the plaintiffs have failed to plead their claims . . . with the requisite particularity." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985).

The Court dismissed Plaintiffs' Second Amended Complaint in a detailed 27-page Order that specifically explained why their claims failed and provided an opportunity to amend.  Nonetheless, Plaintiffs have failed to cure the deficiencies in their pleading; indeed, Plaintiffs' allegations and arguments simply mirror those already considered and rejected by the Court.  Thus, in light of the foregoing, the Court GRANTS with prejudice First American's motion to dismiss as to all claims.

A judgment in First American's favor will issue once Plaintiffs' claims against the remaining Defendants are dismissed.

**IT IS SO ORDERED.**

Dated:  August 23, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE